UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.: 1:11-cv-23983-MGC

NELSON MEZERHANE,

        Plaintiff,

    v.

REPÚBLICA BOLIVARIANA DE VENEZUELA, a sovereign nation, SUPERINTENDENCIA DE LAS INSTITUCIONES DEL SECTOR BANCARIO, an agency or instrumentality of the Bolivarian Republic of Venezuela, FONDO DE PROTECCIÓN SOCIAL DE LOS DEPÓSITOS BANCARIOS, an agency of instrumentality of the Bolivarian Republic of Venezuela, JESSE CHACÓN ESCAMILLO, individually and as former Minister of Interior and Justice of the Bolivarian Republic of Venezuela, JULIÁN ISAÍAS RODRÍGUEZ DÍAZ, individually and as former Attorney General of the Bolivarian Republic of Venezuela, GÚMER QUINTANA, individually and as former Judge of the 19th Judicial District for the Metropolitan Area of Caracas, FLORENCIO E. SILANO GONZÁLEZ, individually and as former Judge of the 6th Judicial District of Special Jurisdiction over Security and Terrorism of the Metropolitan Area of Caracas, GILBERTO LANDAETA, individually and as former Prosecutor of the 8th National District of the Bolivarian Republic of Venezuela, YORACO BAUZA, individually and as former prosecutor of the 30th National District of the Bolivarian Republic of Venezuela, and EDGAR HERNÁNDEZ BEHRENS, individually and as Superintendent of the Superintendencia de las Instituciones del Sector Bancario.

        Defendants.

**DEFENDANT SUDEBAN'S MEMORANDUM OF LAW IN OPPOSITION TO
PLAINTIFF'S MOTION FOR JURISDICTIONAL DEPOSITIONS**

B4083635.

Defendant Superintendencia de Las Instituciones del Sector Bancario ("SUDEBAN") opposes Plaintiff Nelson J. Mezerhane's "Motion For Jurisdictional Depositions Of Declarants Edgar Hernández Behrens And Héctor Villalobos" (the "Motion," D.E. #63). The Court should deny the Motion because the discovery sought by Plaintiff would not establish facts sufficient to provide this Court with jurisdiction over any Defendant. Defendants, in their motions to dismiss, have raised a threshold dispositive legal issue that would not be addressed by the requested discovery, and that, if resolved in Defendants' favor, will require dismissal of this case. Moreover, Plaintiff has failed to describe with the requisite particularity the purposes of the depositions he seeks. Allowing jurisdictional discovery under these circumstances would violate Defendants' sovereign immunity. The Court should not subject SUDEBAN to a discovery campaign by a foreign national who seeks in vain to manufacture a jurisdictional basis to maintain litigation against his government in a United States court. This is especially true given that this dispute has no connection to the United States. The motion for jurisdictional depositions should, therefore, be denied in its entirety.

## BACKGROUND

Republic of Venezuela, FOGADE and SUDEBAN are each a "foreign state" as defined by the Foreign Sovereign Immunities Act ("FSIA"). 28 U.S.C. §1603(a), (b). Each foreign state defendant has moved to dismiss the claims against it for, *inter alia*, lack of subject matter jurisdiction pursuant to the immunity provided to foreign states under the FSIA.[1]

In opposing Defendants' motions to dismiss, Plaintiff argues that none of the foreign state defendants is immune from jurisdiction in this Court because the expropriation exception of 28

---

[1] The complete list of the grounds for dismissal asserted by Defendants, and the support for each ground, can be found in the motions to dismiss filed by each Defendant (D.E. ## 42, 46, 51).

U.S.C. §1605(a)(3) applies to Plaintiff's claims.  According to his motion for jurisdictional depositions, "[P]laintiff has alleged that his property was taken in violation of international law, and that FOGADE and SUDEBAN, each agencies and instrumentalities of Venezuela, own or operate the properties taken, or property received in exchange for that property, and are engaged in commercial activities in the United States."  Pl.'s Mot. J. Deps. at 2.  Plaintiff now asks this Court to permit him to take jurisdictional depositions of Edgar Hernández Behrens and Héctor Villalobos, "who are employees of their respective defendant-agencies, [and] have provided testimony wi*th respect to the critical 'own and operate' and 'commercial activity' elements* of Section 1605(a)(3)."  *Id.* at 2-3 (emphasis added).  In support of his request for jurisdictional depositions, Plaintiff asserts "absent the declarations provided by Hernández Behrens and Villalobos, defendants' factual assertions *with respect to these elements* would lack any support.  Plaintiff's ability to test and cross-examine these witnesses with respect to their assertions, which are the entire basis of defendants' *factual contentions*, is fundamental to a fair opportunity to meet defendants' *factual claims*."  *Id.* at 3 (emphasis added).  Notably, Plaintiff does not contend that the jurisdictional depositions he seeks would have any bearing on the threshold legal issue under the expropriation exception, namely whether Plaintiff – a Venezuelan national suing Venezuela and Venezuelan governmental entities for expropriating property in Venezuela – has alleged a violation of *international law*.

## ARGUMENT

### I. Jurisdictional Discovery Should Not Be Permitted Where It Is Unlikely To Establish Facts That Will Alter The Jurisdictional Analysis

Immunity afforded to foreign states is not simply the immunity from judgment and liability, but immunity from litigation, including discovery.  *See, e.g., Butler v. Sukhoi*, 579 F.3d 1307, 1314 (11th Cir. 2009); *Licea v. Curacao Drydock Co.*, Case No. 06-22128-CIV-KING,

2012 U.S. Dist. LEXIS 87376, at *20 (S.D. Fla. Jun. 25, 2012) ("*Licea II*") ("Generally, sovereign immunity shields defendants not only from judgment, but from the litigation process, including discovery") (citing *Rubin v. The Islamic Republic of Iran*, 637 F.3d 783, 785 (7th Cir. 2011)).

Jurisdictional discovery is permitted only where the complaint establishes a *prima facie* case that the District Court has jurisdiction. *Butler*, 579 F.3d at 1314; *see also Furry v. Miccosukee Tribe of Indians of Florida*, Case No. 10-24524-CIV-Seitz/O'Sullivan, 2011 U.S. Dist. LEXIS 39779, at *6 (S.D. Fla. Mar. 31, 2011) ("If the complaint is insufficient as a matter of law to establish a *prima facie* case that the Court has jurisdiction, it is an abuse of discretion for the Court to allow the case to proceed and permit discovery on the jurisdictional issue"). Moreover, if jurisdictional discovery is to be provided, it must be "ordered circumspectly and only to verify allegations of specific facts crucial to an immunity determination." *Butler*, 579 F.3d at 1314 (quoting *First City, Texas-Houston, N.A. v. Rafidain Bank*, 150 F. 3d 172, 176 (2d Cir. 1998).

The Eleventh Circuit explained in *Butler v. Sukhoi* that a careful analysis of the request for discovery is required "to balance the need for 'discovery to substantiate exceptions to statutory foreign sovereign immunity' against the need to 'protect[] a sovereign's or sovereign agency's legitimate claim to immunity from discovery.'" *Id.* (alteration in original). In *Butler*, plaintiffs sought discovery against agencies and instrumentalities of Russia to determine whether they were alter egos of an entity against whom plaintiffs had an unsatisfied judgment. Plaintiffs' complaint failed to allege facts that would bring their claim within any FSIA exception. The District Court denied defendants' motion to dismiss as premature given that plaintiffs had not had the chance to conduct jurisdictional discovery. The Eleventh Circuit reversed and remanded

- 3 -

the case with instructions to dismiss it, holding "[b]ecause the complaint's alter-ego allegations, if proven through additional discovery, would not demonstrate a basis for jurisdiction in any event, we have little difficulty concluding that the need to protect appellants' claim to immunity from discovery greatly outweighed any competing need for further discovery." *Id.* at 1314-15.

Jurisdictional discovery is permissible only to the extent that it will elicit facts that would establish jurisdiction. In *Licea v. Curacao Drydock Co.*, the sole case cited by Plaintiff in support of his motion, the plaintiff sought to add additional defendants, including foreign states, as judgment debtors in an underlying action. The Court initially refused to grant the plaintiff any discovery, finding that the motion to add the additional defendants was wholly silent as to the existence of any exception to the FSIA (and the existence of the FSIA itself). *Licea v. Curacao Drydock Co.*, 794 F. Supp. 2d 1299, 1305 (S.D. Fla. 2011) ("*Licea I*"). The plaintiff subsequently amended his motion to allege facts that implicated the FSIA's commercial activities exception, 28 U.S.C. §1605(a)(2). *Licea II,* 2012 U.S. Dist. LEXIS 87376, at *11-*12. The Court then permitted the plaintiff to take very narrow discovery "'limited to the essentials necessary to determine the assets used by the Governments to fund, operate, or otherwise facilitate the [original judgment debtor's] commercial enterprise.'" *Id.* at *18-*19.

## II.     The Depositions Sought By Plaintiff Are Unrelated To The Dispositive Issue Of Whether There Has Been A Taking In Violation Of International Law

Plaintiff has not established a *prima facie* case that this Court has jurisdiction because his complaint fails to allege a taking in violation of *international law* as required by the expropriation exception.  28 U.S.C. §1605(a)(3).  The expropriation exception initially requires a showing that the property in question was taken in violation of *international law*.  Defendants, in their motions to dismiss, contend that Plaintiff has not alleged a taking in violation of international law because Plaintiff was, at all relevant times, a citizen of Venezuela.  Numerous

precedents, including from the Eleventh Circuit, establish that "when a foreign nation confiscates the property of its own nationals, it does not implicate principles of *international law*." *Beg v. Islamic Republic of Pakistan*, 353 F.3d 1323, 1328 n.3 (11th Cir. 2003) (*quoting FOGADE v. ENB Revocable Trust*, 263 F.3d 1274, 1294 (11th Cir. 2001)) (emphasis added); s*ee also Dreyfus v. Von Finck*, 534 F.2d 24, 31 (2d Cir. 1976); *Jafari v. Islamic Republic of Iran,* 539 F. Supp. 209, 215 (N.D. Ill. 1982); *Wahba v. National Bank of Egypt,* 457 F. Supp. 2d 721, 731 (E.D. Tex. 2006); *Rong v. Liaoning Provincial Gov't*, 362 F. Supp. 2d 83, 102 (D.D.C. 2005) (*quoting Chuidian v. Philippine Nat'l Bank*, 912 F.2d 1095, 1105 (9th Cir. 1990)).

Plaintiff's failure to plead facts establishing a taking in violation of international law cannot be rescued by his requested jurisdictional depositions. The depositions that Plaintiff seeks do not concern the international law issue, but instead other elements of §1605(a)(3). *See* Pl.'s Mot. at 2-3 ("Hernandez Behrens and Villalobos . . . have provided testimony with respect to the critical "own and operate" and "commercial activity" elements of Section 1605(a)(3).") These separate issues that Plaintiff wishes to explore in jurisdictional depositions are, at best, premature. If the Court agrees with Defendants as to Plaintiff's Venezuelan citizenship and its fatal effect on his expropriation claim, then no exception to the FSIA is applicable to this case and the motions to dismiss must be granted, making jurisdictional discovery unnecessary and improper.

Plaintiff faces the same insurmountable hurdle as the plaintiff in *Butler*. Indulging for the moment in the dubious assumption that Plaintiff could discover evidence to support his allegations that SUDEBAN and FOGADE own and operate property that belonged to him and engage in commercial activity in the United States, there would still be no basis for jurisdiction over the foreign state defendants, just as the existence of facts to prove an alter-ego theory could

- 5 -

B4083635.

not create jurisdiction over the foreign state defendants in *Butler*. Here, as in *Butler*, "the need to protect [Defendants'] claim to immunity from discovery greatly outweigh[s] any competing need for further discovery." *Butler*, 579 F.3d at 1315.

Defendants' immunity from the litigation process requires the Court to balance the alleged need for discovery against Defendants' legitimate claim to immunity from discovery. *Id.* at 1314. In the instant action, that balance can be achieved only by denying Plaintiff's request for discovery unless and until the Court determines that Plaintiff has sufficiently alleged a taking in violation of international law. Because Plaintiff has not done so – and cannot do so for the reasons set forth in Defendants' motions to dismiss – his motion for jurisdictional depositions should be denied.

### III. Plaintiff's Motion For Jurisdictional Depositions Should Be Denied Because The Proposed Depositions Are Not Narrowly Tailored To Specific Jurisdictional Facts

Even apart from the dispositive issue of Plaintiff's citizenship and its preclusive effect on the expropriation exception, Plaintiff's request for jurisdictional depositions should be denied because Plaintiff has failed to identify how the discovery he seeks would enable him to "verify allegations of specific facts crucial to an immunity determination." *Butler*, 579 F.3d at 1314 (quoting *First City, Texas-Houston, N.A. v. Rafidain Bank*, 150 F.3d 172, 176 (2d Cir. 1998)). Plaintiff's motion seeking discovery says only that "Plaintiff's ability to test and cross-examine these witnesses [Messers. Hernández Behrens and Villalobos] with respect to their assertions, which are the entire basis of defendants' factual contentions, is fundamental to a fair opportunity to meet defendants' factual claims." Pl.'s Mot. J. Deps. at 3. That is not a sufficient basis for obtaining jurisdictional discovery in an FSIA case.

As demonstrated in SUDEBAN's motion to dismiss and supporting papers, it is simply not true as a matter of law or fact that SUDEBAN owns or operates any property that formerly

- 6 -

B4083635.

belonged to Plaintiff. Nor does SUDEBAN engage in any commercial activity in the United States. In attempting to counter these points, all Plaintiff has mustered are conclusory allegations and declarations of individuals who lack personal knowledge of the relevant facts.[2] This is not a sufficient basis upon which to burden the foreign state Defendants with unfocused jurisdictional discovery.

The only authority cited by Plaintiff involves a situation where the plaintiff required discovery to prove jurisdictional allegations concerning the existence of assets in the United States. *See Licea II*, 2012 U.S. Dist. LEXIS 87376, at *20-*21. In *Licea II*, however, the discovery was permitted only when it was narrowly tailored to produce evidence that would verify a jurisdictional allegation. There, the critical jurisdictional allegation was that the defendant held property in the United States that was being used for commercial purposes; the Court allowed the plaintiff to engage in discovery "limited to the essentials necessary" to identify that property. *Id.* at *19. Here, Plaintiff's requested jurisdictional discovery is not so tailored; he says that he wants to "cross-examine" Messrs. Hernández Behrens and Villalobos, but provides no specifics regarding an exercise that could potentially be boundless. Given the amount of extraneous material contained in Plaintiff's voluminous complaint, memoranda, and multiple declarations, including the ample political content in those papers, there is reason to suspect that any unlimited "cross-examination" of SUDEBAN and FOGADE personnel would be an exercise in harassment. Accordingly, the Court should decline to intrude on the immunity of Defendants, and not force them to participate in the unnecessary, open-ended discovery Plaintiff has requested.

---

[2] SUDEBAN incorporates by reference the arguments made in its Motion To Strike Portions Of The Declaration Of Gilda E. Pabon G. And The Purported "Expert Legal Opinion" Of Allan R. Brewer-Carias, filed contemporaneously with this memorandum.

## **CONCLUSION**

For the reasons set forth above and in SUDEBAN's and the other Defendants' memoranda in support of their Motions to Dismiss, this Court should deny Plaintiff's Motion For Jurisdictional Depositions.[3]

                                        Respectfully Submitted,

                                        SILVERIO & HALL
150 West Flagler Street
Miami, FL 33130
Telephone: (305) 371-2756
Facsimile: (305) 372-2744

*/s/ Brian Silverio*_____
Brian Silverio
Florida Bar No. 0183301
Silverio & Hall, P.A.
150 West Flagler St.
Penthouse – 2850
Miami, FL 33130
Tel.: (305) 371-2756
Fax: (305) 372-2744
Email: bsilverio@silveriohall.com

- And -

FOLEY HOAG LLP
Seaport West
155 Seaport Boulevard
Boston, Massachusetts 02210
Telephone: (617) 832-1000
Facsimile: (617) 832-7000
Andrew Z. Schwartz (Admitted Pro Hac Vice)
Email: aschwartz@foleyhoag.com
Richard Baldwin (Admitted Pro Hac Vice)
Email: rbaldwin@foleyhoag.com

*Counsel for Defendant Superintendencia de las Instituciones del Sector Bancario*

Dated: December 21, 2012

---

[3] SUDEBAN incorporates by reference the arguments of its co-defendant FOGADE in its Response To Plaintiff's Motion For Jurisdictional Deposition Of Declarant Hector Villalobos (D.E. #76) to the extent those arguments are applicable to SUDEBAN.

- 8 -

B4083635.

## CERTIFICATE OF SERVICE

      WE HEREBY CERTIFY that, on this 21st day of December 2012, we electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  We also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List either via transmission of Notice of Electronic Filing generated by CD/ECF or in some other authorized manner, as specified, to those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                           */s/ Brian Silverio*_____
                                                           Brian Silverio

## SERVICE LIST

**Mezerhane v. República Bolivariana de Venezuela et al.**
**Case No.: 1:11-cv-23983-MGC**
**United States District Court, Southern District of Florida**

*Counsel for Plaintiff Nelson J. Mezerhane*

Clement Ryan Reetz
DLA Piper LLP (US)
200 S. Biscayne Boulevard
Suite 2300
Miami, FL 33131
Phone: (305) 423-8525
Fax: (305) 468-6432
Email: ryan.reetz@post.harvard.edu

Pedro Julio Martinez-Fraga
DLA Piper LLP (US)
200 S. Biscayne Boulevard
Suite 2300
Miami, FL 33131
Phone: (305) 423-8520
Fax: (305) 437-8131
Email: pedro.martinezfraga@dlapiper.com

Edward Colin Thompson
DLA Piper LLP (US)
100 North Tampa Street
Suite 2200
Tampa, FL 33602
Phone: (813) 229-2111
Fax: (813) 229-1447
Email: colin.thompson@dlapiper.com

Harout Jack Samra
DLA Piper LLP (US)
200 S Biscayne Blvd
Suite 2300
Miami, FL 33131
Phone: (305) 423-8534
Fax: (305) 437-8131
Email: harout.samra@dlapiper.com

*Counsel for Republica Bolivariana de Venezuela*

Jose Pertierra
The Law Office of Jose Pertierra
1010 Vermont Avenue, N.W., Suite 514
Washington, DC 20005
Phone: (202) 783-6666
Email: josepertierra@gmail.com

Neil H. Koslowe
Shearman & Sterling
801 Pennsylvania Avenue, NW, Suite 900
Washington, DC 20004-2604
Phone: (202) 508-8000
Fax: (202) 508-8100
Email: neil.koslowe@shearman.com

Thomas B. Wilner
Shearman & Sterling, LLP
801 Pennsylvania Avenue, NW
Washington, DC 20004
Phone: (202) 508-8050
Email: twilner@shearman.com

Steven Murray Weinger
Kurzban Kurzban Weinger & Tetzeli
2650 SW 27th Avenue, 2nd Floor
Miami, FL 33133
Phone: (305) 444-0060
Fax (305) 444-3503
Email: swmiami@aol.com

Helena Marie Tetzeli
Kurzban Kurzban Weinger & Tetzeli
2650 SW 27th Avenue, 2nd Floor
Miami, FL 33133
Phone: (305) 444-0060
Email: helena@kkwtlaw.com

B4083635.

*Counsel for Fondo de Proteccion Social de
los Depositos Bancarios*

Brant Collin Hadaway
Diaz Reus & Targ, P.A.
100 S.E. 2nd Street
Miami Tower 2600
Miami, FL 33131
Phone: (305) 375-9220
Fax: (305) 375-8050
Email: bhadaway@diazreus.com

Carlos Fernando Gonzalez
Diaz Reus & Targ LLP
100 SE 2nd Street
Suite 2600
Miami, FL 33131
Phone: (305) 375-9220
Fax: (305) 375-8050
Email: cgonzalez@diazreus.com

B4083635.